United States Court Of Appeals
For The Fourth Circuit

No. _____

US District Court # 8:22 CV 00462-GJH

On Re: Jibril Rugman Ibrahim
7554 South Arbory Lane
Laurel, Maryland 20707
Petitioner

v.

US District Court Judge
Honorable George Jarrod Hazel
District Court Of Maryland (Greenbelt)
6500 Cherry Lane
Greenbelt, Maryland 20770
Respondent

Petition For A Writ Of Mandamus, Or, In
The Alternative, Pro-Se Petition For
Extraordinary Writ Of Prohibition

Now comes the petitioner, Jibril Rugman Ibrahim, pro-se, who respectfully moves this Court to issue a Writ of Mandamus or, in the alternative, an extraordinary writ of prohibition against District Judge George J. Hazel, compelling Respondent to show cause as to why petitioner's Rico complaint is being stonewalled and obstructed for close to "one" year, as well as, Respondent's deliberate and wanton refusal to transfer said Rico complaint to a Magistrate Judge for resolution as requested.

**RECEIVED**

JAN 0 9 2023

U.S. Court of Appeals
Fourth Circuit

—1—

# Jurisdiction

Jurisdiction is invoked under Rule 21, F R app Pro, 28 USCA §§ 1361, 1651 (All Writs Act) which permits the Courts to exercise jurisdiction otherwise obtained, and to issue 'any' writ necessary and/or appropriate in aid of its jurisdiction agreeable to the usages and principles of law. See US v. Fields, 193 F 2d 95 (2ND Cir.) cert. den., 32 US 894 (1951); Kerr v. US District Court 426 US 394 (1976) (cases cited therein); MC Clelland v. Young, 421 F 2d 690, 691 (1970).

Additionally, relief under 1t (a) is available and, there is a clear right thereof. Cf In re School of Asbestos Litigation, 921 F 2d 1310 (3rd Cir.) cert den., 111 S. Ct. 1623 (1992). Moreover, the enadequacy of other remedy requirements of Section 1651 would seem to negate the unavailability of remedy requirements for jurisdiction under 28 USCA § 1361.

28 USCA 1361 (Mandamus Act) provides that the District Courts _shall_ have original jurisdiction of any action in the nature of mandamus (or prohibition) to compel an officer or employee of the United States or, an agency thereof, to perform a duty owed to petitioner.

The unavailability of mandamus requires inadequacy of other remedy and indisputable right to this remedy in the same way as other writs which might be utilized by the courts. By parity of reasoning, this Honorable Court should have jurisdiction to act upon this matter as well ... in these circumstances.

## Background

On February 24, 2022, petitioner tendered a Rico complaint (lawsuit) for filing before the District Court, Greenbelt Division. The pro-se complaint named twelve (12) defendants, basically law enforcement officers of the D.C. Government, as well as, Federal Government agents. See Rico complaint attached hereto.

Leave to proceed informa pauperis was requested and granted; however, the Respondent never ordered the Clerks office to service the summons and complaints for process to the U.S. Marshals.

Upon not receiving further communications from the Court regarding issuance of summons and complaint for several months, repugnant to Rules 1 and 4, Fed. Rules of Civil Procedure, plaintiff had a third (uninterested) party serve each defendant via in certified mail return receipt. However, the Respondent "refused" to accept petitioner's service and process ... assuaging petitioner's effective, efficient, meaningful court access.

Four months later, on June 10, 2022, only a sole defendant answered via motion to dismiss (Vizio Corporation).

Petitioner countered defendant Vizio Corporation motion to dismiss with a plethora of documents demonstrating defendant Vizio's culpability, as

well as, 'intrinsic' fraud upon the Court or in an effort to 'obstruct' justice -- through defendant's asseverations, on June 27, 2022.

On or about July 14, 2022, plaintiff tendered (personally at Clerk's Office) a Consent request to proceed before a U.S. Magistrate Judge. Since demand such a request before a Magistrate, 28 USC § 636, Respondent has impeded the case to a screeching halt, in depriving petitioner of meaningful, effective access to the Courts.

### Reasons For Granting The Writ.

February 24, 2023, would be the 'one' year anniversary of the instant case having been filed but obviated all forms of judicial review. The Federal Courts are suppose to be guardians of the peoples' rights, including the less savory one.

Petitioner's case has the potential to affect hundreds of citizens, throughout this Great Nation, as a result of Vizio Corporations 'spying' via its televisions as well as, police officers use a satellite imagery and facial recognition techniques.

Rule 4 (a) F.R. Civ. Pro: states: (a) Summons: Issuance. Upon the filing of the complaint the Clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Id. The word shall creates a duty ... not an option.

The purpose of Rule 1, F.R.Civ.Pro,... is to arrive at facts as quickly as possible. Fleming v. Enterprise Box Co., D.C. Fla. 1940, 36 F. Supp. 606. Afford the litigant a just, inexpensive and speedy trial of issues. Runkle v. Nong Kenny, C.A. 1959, 266 F.2d 689, 105 US App D.C. 285.

The delay to bringing this matter to fruition as definitized by Rule 1, FR Civ. Pro, ameliorate the substance of the claim.

Respondent Hozel, Vizio Corporation, Homeland Security, D.C. Government, D.C. Office of Police Complaints, et al, as a result of a particular loyalty, partisanship or affiliation, make it virtually impossible to obtain justice, equality and, the laws protection,

The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution. Chambers v. Baltimore Ohio Railroad, 207 US 142, 28 S.Ct. 34, 52 LEd 143 (1907) (quoting Ryland v. Shapiro, 708 F2d 967 (5th Cir. 1983).

Although the issue of surveillance, facial profiling, among other things alleged in the complaint, is not a political question in itself, the issues herein carry significant political overtones or political implications upon which depend public and private interest of vast magnitude. As a result of the above scenarios, there is no other adequate means to secure the

desired relief. _Kerr_, 426 US 402-403. Compare _Boddie v. Connecticut_, 401 US 371 (1970) (due process was intended to prevent the government from abusing its power, or employing it as an instrument of oppression). _Tate v. Short_, 401 US 395 (1971)

    In _Selley v. Kraeman_, 334 US 1 (1948), the Supreme Court held that "it is a denial of equal protection for a court to perpetuate by its affirmative action a privately created irrational discriminative action... a fortiori, it is unconstitional for a court to effectuate an arbitrary classification by its affirmative actions... when the court has the power to prevent that discrimination. _Boddie, supra._

    Because petitioner is being subjected to the encroachment of his constitutional rights by the Respondent, the writ of mandamus or prohibition should be granted, even if conditionally to halt future violations.

Conclusion

    Wherefore, for the foregoing reasons, petitioner prays that the writ be granted.

Respectfully Submitted

Jibril Liegman Abrahim

7554 South Arbory Lane

Laurel, MD 20707.

—6—

Certificate of Service

I, Jibril Dugman Ibraheem, hereby certify that a true copy of the Writ of Mandamus, Rico Complaint, Consent to Proceed Before a Magistrate and Civil Docket for the Case, were mailed, first class mail with postage paid, this _5th_ day of January 2023 to:

All Parties

Jibril Dugman Ibraheem
7554 South Arbory Lane
Laurel, MD 20707

NP

# U.S. District Court
## District of Maryland (Greenbelt)
## CIVIL DOCKET FOR CASE #: 8:22-cv-00462-GJH

Ibrahim v. Vizio Corporation et al
Assigned to: Judge George Jarrod Hazel
Cause: 28:1331 Racketeering (RICO) Act

Date Filed: 02/24/2022
Jury Demand: Plaintiff
Nature of Suit: 470 Racketeer/Corrupt
Organization
Jurisdiction: Federal Question

**Plaintiff**

**Jibril L. Ibrahim**

represented by **Jibril L. Ibrahim**
7554 South Arbory Lane
Laurel, MD 20707
Email:
*PRO SE*

V.

**Defendant**

**Vizio Corporation**

represented by **Douglas Alan Sampson**
Saul Ewing LLP
1001 Fleet Street
Ste 9th Floor
Baltimore, MD 21202-4359
410-332-8661
Email: Douglas.Sampson@saul.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Self Storage Plus**

**Defendant**

**Homeland Security**

**Defendant**

**Mark Doe**
*DC Police Officer*

**Defendant**

**Paul Doe**
*Police Officer*

**Defendant**

**Nate Doe**
*DC Police Officer*

● **Defendant**

**Karen Doe**
*DC Police Officer*

**Defendant**

**Chief Robert Contee**
● *D.C. Chief of Police*

**Defendant**

**District of Columbia Government Office
of the Mayor**

● **Defendant**

**Office of Police Complaints**

[ Email All Attorneys ]
[ Email All Attorneys and Additional Recipients ]

| Date Filed | # | Docket Text |
|---|---|---|
| 02/24/2022 | 1 | COMPLAINT against Robert Contee, District of Columbia Government Office of the Mayor, Karen Doe, Mark Doe, Nate Doe, Paul Doe, Homeland Security, Office of Police Complaints, Self Storage Plus, Vizio Corporation, filed by Jibril L. Ibrahim. (Attachments: # 1 Attachment to Complaint, # 2 Exhibits, # 3 Civil Cover Sheet, # 4 Summons)(dg3s, Deputy Clerk) (Entered: 02/24/2022) |
| 02/24/2022 | ➔🗎 2 | MOTION for Leave to Proceed in forma pauperis by Jibril L. Ibrahim(dg3s, Deputy Clerk) (Entered: 02/24/2022) |
| 06/10/2022 | ➔🗎 3 | MOTION to Dismiss for Failure to State a Claim by Vizio Corporation (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1, # 3 Text of Proposed Order)(Sampson, Douglas) (Entered: 06/10/2022) |
| 06/10/2022 | 4 | Local Rule 103.3 Disclosure Statement by Vizio Corporation identifying Corporate Parent Vizio Holding Corporation for Vizio Corporation.(Sampson, Douglas) (Entered: 06/10/2022) |
| 06/13/2022 | 5 | Rule 12/56 notice mailed to Jibril L. Ibrahim (mg3s, Deputy Clerk) (Entered: 06/13/2022) |
| 06/27/2022 | 6 | RESPONSE in Opposition filed by Jibril L. Ibrahim re 3 MOTION to Dismiss for Failure to State a Claim. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 10)(Exhibit 5-9 not submitted)(jf3s, Deputy Clerk) (Entered: 06/28/2022) |
| 07/07/2022 | 7 | REPLY to Response to Motion re 3 MOTION to Dismiss for Failure to State a Claim filed by Vizio Corporation.(Sampson, Douglas) (Entered: 07/07/2022) |
| 07/14/2022 | 8 | Consent to Magistrate Judge (mg3s, Deputy Clerk) (Entered: 07/14/2022) |
| 08/11/2022 | 9 | Proof of Service filed by Jibril L. Ibrahim.(mg3s, Deputy Clerk) (Entered: 08/11/2022) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Jibril L. Ibrahim
**Plaintiff,**            *

                          *

**v.**                    *          Case No. 8:22-CV-00462

Vizio Corporation et Al               GJH
**Defendant.**           *

## GENERAL CONSENT TO PROCEED
## BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned party to the

above-captioned civil matter hereby voluntarily waives the right to proceed before a United

States District Judge and consents to have a United States Magistrate Judge conduct any and all

further proceedings in the case, including trial, and order the entry of a final judgment.

7-12-22
Date

Signature of Party or Counsel

Jibril L. Ibrahim
Printed Name

7554 South Arbory LN
Address Laurel, MD 20707

Email Address

(202) 910-0763
Telephone Number

Fax Number

Certificate Of Service

I hereby certify that a true copy of General Consent to proceed before a United States magistrate Judge was mailed, first class, postage paid, this 13th day of July 2022, properly addressed to:

Attorney Douglas A. Sampson
Saul Ewing Arnstein & Lehr LLP
500 East Pratt St. Suite 900
Balt. Md 21202

Karl A. Racine
400 6th Street N.W.
Wash, DC 20001

Homeland Security
3801 Nebraska Ave Nw
Wash, DC 20002

Self Storage Plus
1621 North Kent Street
Suite 812
Arlington, Va. 22209

Office of the Mayor
1350 Penn. Ave Nw
Wash, AC 20004

Office of Police Complaints
1400 I Street N.W.
Suite 700
Wash., DC 20004

Jibril R. Abraham
7554 South Arbory Lane
Laurel, MD 20707
(202) 910-0763

**UNITED STATES DISTRICT COURT**
**GREENBELT DIVISION**
**6500 CHERRYWOOD LANE**
**GREENBELT, MARYLAND**

VIZIO CORPORATION
39 Tesla
Irvine, CA 92618
    Defendant

SELF-STORAGE PLUS
901 Southern Avenue S.E.
Oxon Hill, Maryland 20745
    Defendant

HOMELAND SECURITY
3801 Nebraska Avenue N.W.
Washington, D.C. 20002
    Defendant

MARK, PAUL, NATE AND KAREN DOE
300 Indiana Avenue, N.W.
Washington, D.C. 20001

                          *Case No. GJ # 22CV0462*

D.C. CHIEF OF POLICE
CHIEF ROBERT CONTEE
300 Indiana Avenue, N.W.
Washing D.C. 20001
    Defendants

DISTRICT OF COLUMBIA GOVERNMENT
OFFICE OF THE MAYOR
Mayor Muriel Bowser
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
    Defendant

OFFICE OF POLICE COMPLAINTS
1400 I Street N.W., Suite 700
Washington, D.C. 20004
    Defendant

# AMENDED COMPLAINT

1. This is a complaint filed by a private citizen of the United States, pro-se, against the above-named defendants for RICO violations pursuant to Tile 18 United States Code Sections 1961 – 1968 et seq, 28 U.S.C. Sections 1331, 1332(a)(1). Plaintiff seeks monetary punitary damages against the name defendants herein, including treble damages as determined by Federal law.

2. Defendant, Vizio Television Corporation, a corporation based in Irvine California, is an American publicly traded company that designs and sells televisions, sound bars, viewer data, and advertising. Defendant is sued as a corporation.

3. Defendant, Robert Contee, Chief of the District of Columbia Police Department, is responsible for tactical patrol of the District of Columbia police force, special events and responsible for administering the Department's …in accordance with applicable laws and regulations …and ensuring that organizational objectives are met. Defendants is sued for punitive damages for refusal to investigate crime amongst defendant's subordinates.

4. Defendants Mark Doe, Paul Doe, Nate Doe and Karen Doe [and Unknown named defendants whose tag numbers are listed] are District of Columbia Police Officers who are sworn to perform, public services of preserving then peace, protecting life, liberty, property, preventing crime, apprehending criminals and enforcing the laws/ordinance of the District of Columbia and United States. Defendants are sued for punitive damages, as well as treble damages for Rico violations.

5. Defendant, District of Columbia Government, by which name it is constituted a body corporate for municipal purposes and may sue and be sued…exercise all other powers of a municipal corporation in conjunction with other law enforcement agencies within the District of Columbia. Defendant is sued as a corporation, including treble damages.

6. Defendant, Homeland Security, an organization, is responsible for counterterrorism, cyber security…administration and enforcement of immigration laws, protection of our national leaders, protection of critical infrastructure, and cyber security detection. Defendant is sued as an organization, including treble damages.

7. Defendant, Self-Storage Plus, is a storage facility/industry that rents storage space to tenants usually on short term basis to businesses and individuals. Defendant is sued as an organization and for treble damages.

8. Defendant, Office of Police Complaints, was established by the District of Columbia Government to provide the public with independent and impartial forum for the review

and resolution of police misconduct complaints filed by the public against the Metropolitan Police Department. Defendant is sued as an organization and for treble damages.

9. All times relevant to this complaint, in the District of Columbia, in interstate highways, Texas and elsewhere, Defendants Mark Doe (DC Police Officer CCOPS), Karen Doe who uses this name over the internets, Nate Doe, Paul Doe (all DC Cops CCOPS), together with the District of Columbia Government and Chief Robert Contee, Homeland Security Officers, and other known and unknown, are subordinates and, or, employees of the District of Columbia, who engaged in illegal surveillance via cybercrimes, stingray devices, dirt boxes, Range R device, wire interceptions, Smart TV Facial Recognition cameras, attempted burglary of plaintiff's residence, federal and state stalking violations.

10. The District of Columbia Corporation Council, the District of Columbia and its employees constitute an "enterprise or corporation" as defined by Title 18 U.S.C. Section 1961(2)(4)(9); a group of persons associated in fact as a legal entity. At all times relevant in this complaint and, among other locations, the corporation operated in the District of Columbia and other locations and were engaged in, and its activities affected interstate commerce and intercommunications.

## Purposes of the Corporation

11. The purpose of the Corporation included the following:

  a. Intercepting wire communications to bring about criminal charges via telephones conversations, illegal facial recognition via Smart TV, stalking in interstate, attempted burglary of plaintiff's residence (725 Atlantic Street, S.E., Washington D. C.).

  b. Use of surveillance devices, supra, facial recognitions, harassment, intimidation techniques, stalking via following plaintiff throughout the city and other interstate locations (five States) via satellite interceptions...without City Council approval under Community Control of Police legislation(s).

  c. Preserving and maintaining the power of the corporation using intimidation, harassment, stalking, photographing, vigilantism, fear and threats of arrest for trumped up criminal charges...via doctored search and arrest warrants.

## Means and Methods of the Enterprise

12. Among the means and methods by which the members of the enterprise and their associates conducted and took part in the conduct of the affairs of the enterprise were the following:

    a. The members of the enterprise and their associates, named supra, intercepted telephone communications, interstate wiretaps via satellite towers interceptions, and GPS tracking devices in interstate.

    b. The members of the enterprise and their associates established, maintained and interfered with various satellite towers-locations via Washington, D.C. to Texas by intervening in and tapping into the Texas Northside Neighbors Cellular Cop Association network, San Antonio, Texas, Anacacho Street, in January 2021...while plaintiff was visiting plaintiff's aging finance

    c. Used laser guided devices as an act of vigilantism to intimidate complainant at the Red Roof Motel in July 2021, St Barnabas Road Oxon Hill, Maryland [a red laser light was protruding from a van driven by defendant's agents pointing at plaintiff's motel room], the Budget Inn Motel, Branch Avenue Marlow Heights Maryland. In May or June 2021 monitoring plaintiff room activities (who at the time was having health issues and a senior citizen) ...without D.C. City Council approval.

    d. The members of the enterprise and their associates got access to complainant cell phone numbers, records of text communications to carrying their schemes to interfere with telecommunications in order to harass, monitor, and intimidate complainant seeking to bring unfounded criminal charges, surreptitiously, via illegal/unlawful wiretap investigations...with or without D.C. City Council's approval.

## The Cops and/or Law Enforcement Officers

13. From, in or about March 2021, up to and including the date of the filing of this complaint, in the District of Columbia, Maryland, Arkansas, Tennessee, Louisiana, Georgia and Texas and elsewhere, defendants named herein, together with others, known and unknown, attempted to burglarize complainant's former residence (725 Atlantic Street S.E., Washington, D.C.) by using a house key given to the defendants from complainant's niece Jacqueline Fletcher, specifically around April through June 2021

    a. Defendants knowingly removed a cornerstone cinder block from a retaining wall out back, hoisted and, or shimmied themselves up the retaining wall...sauntered through the neighbor's backyard (723 Atlantic Street, S.E.) and snapped the nails out of the neighbor and plaintiff conjoining--fence entered plaintiff's backyard and forcibly tried to break into plaintiff's basement door...defendants couldn't gain entry because plaintiff had boards propped up against the basement door....

b. Plaintiff was awakened by the loud snap of the fence that plaintiff called 911 to report a possible breaking, in May 2021. D.C. police officers arrived but no culprit was found after a search. Defendants named herein were so cunning that defendants meticulous propped the fence back into place to make it appear that the fence was never snapped, so defendants could return. However, upon inspection days later, plaintiff's neighbor (Demarco) and plaintiff discovered that the fences were leaning ready to fall because nails were pushed out.

c. Defendants named herein unlawfully, willfully, and knowingly conducted and took part, directly and indirectly, in the conduct of the affairs of the enterprise, which enterprise was engaged in, as alleged in paragraph 1 – 4 above, and the activities of which affected interstate commerce through a pattern of racketeering activity, that is, through the commission of the following racketeering acts:

### The Defendants Cops and/or Law Enforcement Officers

14. The pattern of racketeering activity, as defined by Title 18, U.S. Code Subsections 1961(2)(4) and (9) 2515, 2511 (Electronic Com. Privacy Act 1986) consisting of the following acts.

15. From in or about 2020-2022, in the District of Columbia, Maryland and elsewhere, defendants AKA Paul, Mark, Nate,  Karen (DC Law Enforcement personnel) together with known and unknown described herein in paragraphs (see vehicle tag numbers with photographs hereto) being employed by and associated with the enterprise described herein 1 – 5 of this complaint, to wit, the COPS and Law Enforcement Officers of the District of Columbia and elsewhere, unlawfully, willfully and knowingly conducted unauthorized phone interceptions (Range R Devices, Dirt Boxes Sting Ray Device and Satellite interceptions, including racial profiling via Smart TV and Android  Telephones, amounting to cybercrimes violations) without prior and written approval in violation of 18 U.S.C Sections 2516-2518, and participated directly and indirectly in the conduct of the affairs of that enterprise, which enterprise was engaged in and the activities of which affected interstate without and foreign commerce, through a pattern of racketeering activity, that is through commission of the following racketeering acts:

### RACKETEERING – ACT ONE

### Attempted Burglary of Residence

16. The defendants named herein infra committed the following acts, anyone of which constitutes the commission of racketeering act one:

a. Conspiracy to burglarize plaintiff's dwellings:

In or about April – May of 2020, in the District of Columbia, defendants Karen, Paul, Nate and Mark together with other known and unknown to plaintiff, were given a key to plaintiff home (725 Atlantic Street S.E., Washington D.C. 20032) by plaintiff's niece, Jaqueline Fletcher, in effort to secretly enter plaintiff's home to plant weapons, drugs and bugs, without plaintiff's permission, in violation of D.C. Code Title 22-801 (2018 Ed) and 18 U.S.C. Sections 918-928. Plaintiff believes that defendants convinced plaintiff's niece to install a bud inside plaintiff's home, because could hear transmission inside his home via some device which was installed (e.g. plaintiff heard defendants calling out the names Mark, Paul, Karen and Nate on different occasions. Plaintiff heard a female defendant calling him Junior sometime in May 2020, a name that only plaintiff's family knows.)

## RACKETEERING - ACT TWO

17.  The defendants named supra and infra committed the following acts anyone of which alone forms the commission of racketeering act two:

a.  .On or about May 2020 – December 2020, defendants, together with other known and unknown obstructed State and local law enforcement procedures by failing to obtain supervisory approval (covertly) to wiretap, intercept plaintiff's Android telephones, Smart TV computer, etc., in violation of 18 U.S.C. sections 2511, 2516-2518, by defendants' use of Sting Ray devices, Dirt Boxes, Range R device, Satellite Towers 18 US.C. sections 1951(3), 1952(a)(3). See also Electronic Communications Privacy Act of 1986 and Foreign Intelligence Surveillance Act of 1978; 18 USC Sections 2511(a)(b)(i)(ii), (iv)(A)(V).

b.  That on or about Sunday September 5, 2021, at 10 o'clock a.m. defendants were covertly recording [plaintiff via his Smart TV while plaintiff was sitting on the bed watching a program…a red laser beacon round light appeared on the tv screen when the words [REC] appearing inside-- meaning defendants had been obtaining plaintiff facial recognition profile for many seconds or minutes, without authorization. Obviously with the consent and permission of Vizio Corporation (39 Tesla Irvine, CA 92618 www.vizio.com).

c.  Again, on November 17, 2021, defendants intercepted TV signals and recorded plaintiff facial profile while plaintiff was watching Netflix programs at 10:22 p.m. on plaintiff Android telephone amounting to cybercrimes violations, 18 U.S.C. section 2511 et. Seq. f.

d.  In December 2021, plaintiff went to Texas to visit plaintiff's fiancée who had double kidney transplants. Defendants herein intercepted plaintiff's telephone and television signals while plaintiffs stayed in his fiancée's home… watching plaintiff activities via satellite and, or the Northside Neighbors Cellular COPS.

e.  Such illegal activities amount to cybercrimes violation without authorization and Supervisory approval.  Exhibit 5.

## RACKETEERING – ACT THREE

### State and Federal Stalking Intimidation

18. On or about August 26, 2021, at 11:30a.m., as an act of vigilantism, intimidation and stalking to place plaintiff in fear of arrest for insurmountable incrimination evidence plaintiff acquired against defendants, defendants known and unknown have been posted outside of dwelling where plaintiff sometimes stays, flashing infra-red lights into bedroom, spotlights from unmarked police assigned vehicles (Grey Chevy Malibu, D.C. Tag 10705). Followed plaintiff to storage bins where plaintiff stores furniture after being forced to leave his home due to attempts to break in by defendants, (White Altima MD Tag # 6EE4672, October 26, 2021).

19. Plaintiff went to visit a handicapped friend on Georgia Avenue and Farragut Street NW.., and was followed by defendants in unmarked police vehicle (Black Honda Accord, 4 Door 10/26/2021 at 7:00 p.m. Md Tag # 4DL2785, D.C. Code 22-3131, 3132

20. At about 7;30 – 8:10 p.m., November 24, 2021, two unmarked police cars parked adjacent to plaintiff's son's apartment building in the parking lot. Plaintiff could see out of the living room window and made out a male (in one vehicle, and female in the other) appearing to operate a device mounted on their arm rest, possibly a Range R device (this device sees through walls and activities in someone's apartment area.

21. Plaintiff then tried to retrieve a digital camera which films via a red infra-red flash.

22. The surveillance team, via satellite, must have notified defendants in unmarked cars, that plaintiff was trying to photograph them as well as their activities. Before plaintiff could adjust his camera, defendant co-conspirators sped off burning rubber…out of camera view. Plaintiff ran outside, to catch them, but, however, they were gone from the rear. These episodic events are continuous since defendant are aware, through intercepting phone calls, that plaintiff has been in contact with Chief Robert Contee's office and, Office of Police Complaints, to no avail concerning defendant's vigilantism, illegal wiretaps, surveillance and cybercrimes. Both offices, Contee and Police Complaints refused to investigate claims, despite prolific calls and letters. See Intrusive Surveillance laws 2000.

23. On or about November 25, 2021, defendants posted a Blue Toyota Corolla outside plaintiff's sons apartment monitoring plaintiff's activities around 8:50 a.m. to 9:28 a.m. while plaintiff was reading Holy Quran via String Ray and Dirt Box devices.

24. On December 27, 2021, about 4:53 p.m. a gray BMW was sitting on the side of 3211 Wheeler Road S.E., Washington, D.C. again monitoring plaintiff's activities inside plaintiff's son's apartment via stingray device or telephone interception [cybercrimes].

25. Again, on or about October 8, 2021, defendants and their agents or co-conspirators parked in the alley adjacent to 3211 Wheeler Roads S.E., Washington, D.C. on the side of the living room area about 6:30p.m. Plaintiff grabbed his binoculars, and whoever the contact team was communicating with her, must have told her that plaintiff was trying to photograph her inside the vehicle. She turned off the inside cab lights. Plaintiff ran to get his digital camera to capture her tag number, but she pulled off.

Defendants, January 14, 2022, followed plaintiff through the city and region via GPS interceptive signals in car and Android telephone to plaintiff house of worship [Mosque] in Burtonsville, Md. Every Friday (Juma)….to Laurel plaintiff's, sister's home and plaintiff permanent resident, to sister's apartment 15th and U street N.W., intercepting phone conversations without a warrant and authorization from supervisory authority. Plaintiff can hear defendants' conversations through his Android phone microphone…recently, defendants realized that plaintiff could hear them, defendants now speak in a low monotone…close to a whisper, but, nonetheless, plaintiff still hears defendants because it's necessary for defendants to communicate to one another.

26. On about October 6, 2021, plaintiff went to Planet Fitness gym, Eastover Shopping Center, Oxon Hill Maryland, to exercise. Plaintiff came out and saw one of defendants conspirators trying to tamper with plaintiff' vehicle. The driver of the unmarked police car, Arkansas Tag Number US ALWLC Dodge R/T Charger, jumped in his car and sped off toward the Giant Food Store, Eastover Shopping Center, Oxon Hill Maryland. Plaintiff jumped into his car and followed the unmarked car, where he parked and sat for about ten minutes. Presumably, a radio team told him to exit the vehicle and go into the Giant as though he was going to shop. Plaintiff took down the tag number and pulled off, but in another parking area, waiting for the driver to come out so plaintiff could photograph his face. The suspect never came out. Plaintiff then left the area…around 11:07 a.m.

27. On October 15, 2021, while watching TV, approximately 7:20-7:30 p.m. another recording icon appeared on plaintiff television, a [Red dot which said REC in the center] meaning defendants had intercepted tv signals and was facially recording plaintiff with the approval of Smart TV networks.

## RACKETEERING - ACT SIX

### Attempted Breaking Into Plaintiff's Storage Bin

32. On November 11, 2021, plaintiff reported an attempt break in into his storage bin located On 901 Southern Avenue, Oxon Hill Maryland (Self Storage). A Prince George County Officer, Brooks Edward Moszkowicz, Badge # 3961, investigated the claim, see exhibit 4, finding that it appeared that the lock on the storage bin had been tampered and grinded, but the lock had not been cut completely through

33. Previously, defendants' cohorts had followed plaintiff to this storage bin... to see what compartment plaintiff had rented... and defendants went as far as to rent themselves a storage bin, because no one can access the storage property without having an access key code. Upon notifying the property personnel about the attempt break-in, Self-Storage Plus female and male employee refused to pull up the camera footage to see who the culprit may have been, which was very suspicious. Said employees told plaintiff to call police before they and plaintiff could review footage...a report was necessary...but not that particular day.

34. Again, in October 2021, exact date unknown, defendant's cohort was at the storage property fidgeting in his vehicle as if he was looking for something, but at the same time looking at plaintiff. Plaintiff closed out the storage bin because defendants, via satellite, and following plaintiff throughout the city, surveilled plaintiff placing photographs of defendants and some of their activities in plaintiff's storage unit...therefore, defendants needed to retrieve said damaging pictures to conceal their complicity.

## RACKETEERING - ACT SEVEN

### Office of Police Complaint

35. Plaintiff filed his compliant with the defendant, Office of Police Complaint, alleging the allegations in the instant action. In furtherance of the conspiracy, defendant Police Complaint accepted review of the complaint filed, noting it had jurisdiction to investigate the claims. Subsequently, defendants issue a proclamation that it did not have jurisdiction to investigate plaintiff allegations. The refusal to investigate plaintiff's allegations couched above was an acquiesced and/or tacit obstruction of justice or aiding and abetting...a conspiracy

## RELIEF REQUESTED

Plaintiff seeks punitive damages from each defendant in the amount of two million dollars for pain and suffering, mental and emotional distress,

36. Treble damages as determined by the Court.

37. A jury trial pursuant to Rule 23, Federal Rules of Criminal Procedure

38. Equitable relief deemed fair and just, and

38. Injunctive relief.


Respectfully Submitted

*Jibril L. Ibrahim*

Jibril L. Ibrahim

7554 South Arbory Lane

Laurel, Md. 20707


## DECLARATION


I, Jibril Luqman Ibrahim, do hereby declare under the penalty of perjury that the information herein is true and correct.

Dated: 2/22/2022

Notary Signature *Tonya M. Onley*

My Commission Expires on 3/19/2023

TONYA M. ONLEY
Notary Public, State of Maryland
County of Prince George's
My Commission Expires 3/19/2023

TONYA M. ONLEY
Notary Public, State of Maryland
County of Prince George's
My Commission Expires 3/19/2023

TONYA M. ONLEY
Notary Public, State of Maryland
County of Prince George's
My Commission Expires 3/19/2023

Jibril Bugman Ibrahim
7554 South Arbory Lane
Laurel, Maryland 20707

PLACE STICKER AT T
OF THE RETURN AD
CERTIF

7022 2410

Office of th
United Sta
for the Four
Lewis F. Por
1100 East M
Richmond

OF ENVELOPE TO THE RIGHT
ESS. FOLD AT DOTTED LINE

ED MAIL®

003 5160 4467

U.S. POSTAGE PAID
FCM LG ENV
DISTRICT HEIGHTS, MD
20747
JAN 04, 23
AMOUNT

**$9.41**

R2304M118075-12

RDC 99          23219

RECEIVED
U.S. MARSHALS

e Clerk
es Court of Appeals
th Circuit
ell Jr. Cthse & Annex
ain Street, Suite 501
Va. 23219